## PIERCE v. ALEXANDER.

### No. 6146.

Court of Civil Appeals of Texas. Texarkana.

July 6, 1945.

Rehearing Denied July 26, 1945.

Norman, Stone & Norman, of Jacksonville, and Shook & Shook, of Dallas, for appellant.

D. L. Harry, of Jacksonville, and F. G. Swanson, of Tyler, for appellee.

HALL, Chief Justice.

This suit was instituted by appellee against appellant to try title and establish the boundary lines between their adjacent lands lying in the Burnett League in Cherokee County, Texas.

Appellee alleged the common source of title to be "the conveyance from J. T. Bullock to C. M. Bullock dated November 22, 1917, and duly recorded." Appellee also alleged damages against appellant for cutting and removing timber from the land in controversy. No recovery was allowed under this last allegation and no further notice will be taken of it.

Appellant's answer consisted of a general denial, plea of not guilty, agreed boundary line between appellant and appellee's predecessor in title and averment of title to the disputed land under the 3, 5 and 10 years' statutes of limitation. R.C.S. Articles 5507, 5509, 5510. Based upon a jury verdict, judgment was rendered for appellee.

■ While there may be merit in the first four points advanced by appellant, we shall pretermit a discussion of them and proceed to a disposition of point No. 5, which in our opinion presents the controlling question here. Appellant's point No. 5 is: "The error of the Court in awarding to plaintiff that part of the land in controversy described in paragraph 4 of defendant's Second Amended Original Answer. Since the description in plaintiff's deeds did not, on their face, as a matter of law, describe the land, and places plaintiff's S. E. corner only 385 varas south of his N. E. corner at Wallace Creek, and his south line thence in a southwestward direction with the meanders of said Creek, and have no call therein which would carry the east line further south than Wallace Creek, as it is now admitted to be located on the ground, it cannot be said that the description is ambiguous and subject to be explained by parol testimony, and the verdict and judgment locating the S. E. corner 585 varas, or more, south of the northeast corner, and two hundred varas further south than called for in plaintiff's deeds and approximately two hundred varas south of Wallace Creek based, as they are, on parol testimony varying and contradicting the field note descriptions in plaintiff's deeds, are without support in competent evidence and contrary to the undisputed, competent evidence."

The two deeds under which appellee holds, one from C. M. Bullock individually and the other from C. M. Bullock as guardian, dated December 23, 1926, and each for an undivided one-half interest in the land conveyed, calls for the east line of said land to be 385 varas in length with its southern terminus at Wallace Creek. The following plat depicts roughly appellant's and appellee's lands with the disputed tract shaded:

There is evidence in the record that on and before 1919, Wallace Creek was located at "EF". Since said date, however, the creek has changed its course, and on December 23, 1926, the date appellee acquired his land, the record shows without dispute that the course of Wallace Creek had completely changed to location "CD". There is also some testimony that at the present and at the time appellee acquired his land there were low places along "EF" where water stands after a rain, tending to show that the creek at one time may have followed that course. None of the witness trees called for in appellant's deed to be at his southeast corner were found at either "C" or "E". The testimony shows that some line marks were found along the projected line "CE" and some old wire in trees along "EF", all of which antedated appellee's deed. It is undisputed that the length, 385 varas, of appellee's east line "BC" falls short of point "C" by some twenty or more varas, but the call is for Wallace Creek and in law it must be extended to said creek. This certainly satisfies appellee's east call, and when the other calls in his deed are applied to the ground they are found to lie along lines "CD", "DA" and "AB". There is no am-

biguity in either of said deeds, nor does any ambiguity arise when the calls are applied to the ground, and the acreage called for in appellee's deed is more than satisfied. To fix appellee's southeast corner at "E" would require an extension of his east line some 150 varas more than the call distance beyond Wallace Creek as it existed on the ground at the time appellee acquired his title. Such act would create an ambiguity in the deeds which in law is never permitted. It is true that a deed in appellee's chain from a predecessor in title calls for the east line of this tract to be 585 varas, but the description in that deed is not adopted in the deeds under which appellee holds, nor is a reference made thereto.

We think the case of Texas Co. v. Foshee, Tex.Civ.App., 142 S.W.2d 603, writ refused by this Court, and the cases there cited are clearly in point and require a reversal and rendition of the judgment of the trial court.

The judgment is accordingly reversed and rendered in favor of appellant.